# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JESSICA PARM and LISA FLAGG, on Behalf of Themselves and All Others Similarly Situated,<br><br>       Plaintiffs,<br><br>       vs.<br><br>BMO HARRIS BANK, N.A., FOUR OAKS BANK & TRUST CO., a North Carolina Chartered Bank, NATIONAL BANK OF CALIFORNIA, NORTH AMERICAN BANKING CO., a Minnesota Chartered Bank, and FIRST PREMIER BANK, a South Dakota State-Chartered Bank,<br><br>       Defendants. | **CIVIL ACTION FILE NO. 1:13-CV-03326-JEC** |

## DEFENDANT FOUR OAKS BANK & TRUST CO.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Plaintiff Jessica Parm complains she was charged excessive interest on a loan made by Red Rock Tribal Lending ("Red Rock"). Her complaint is properly directed to her lender, Red Rock, not to defendant Four Oaks Bank & Trust ("Four Oaks"). Four Oaks' only involvement in the loan was to help fulfill electronic payment transactions that Plaintiff expressly authorized. Provision of this

ministerial function does not create liability under the federal RICO statute or Georgia law, and Plaintiff's claims against Four Oaks should be dismissed.

## **Background**

In August 2013, Plaintiff Jessica Parm took out a loan in the amount of $325 from Red Rock Tribal Lending, LLC.[1]  (Compl. ¶¶ 18b, 89.)  A true and accurate copy of the loan agreement between Plaintiff and Red Rock is attached to the declaration of James Williams, Jr., filed herewith.[2]

Pursuant to the loan agreement, Red Rock deposited $325 in Plaintiff's bank account at Bank of America.  (Compl. ¶ 89; Williams Dec. ¶ 38.)  The loan was scheduled to be repaid via a series of monthly payments over the course of eleven (11) months.  (Compl. ¶ 90; Williams Dec. Ex. D.)  Plaintiff made only one payment of $252.49 on the loan; thus, to date, she is $72.51 "ahead."  (Compl. ¶

---

[1] The other plaintiff, Lisa Flagg, has not asserted any claims involving defendant Four Oaks.

[2] Mr. Williams' declaration, which is attached as Exhibit A, may properly be considered by the Court in deciding this motion.  Four Oaks has moved to dismiss under Rules 12(b)(1) and 12(b)(7), and under either of these rules the Court may consider matters outside the pleadings.  *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990); *Aceto Corp. v. TherapeuticsMD, Inc.*, No. 12-81253-CIV, 2013 WL 3761073, at *6 (S.D. Fla. July 17, 2013).  Furthermore, for purposes of Rule 12(b)(6) the loan agreement attached to Mr. Williams' declaration is considered part of the pleading because it is referenced in the Complaint (¶ 89) and forms the basis for Plaintiff's claims.  *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005).

92; Williams Dec. ¶ 39.)  She does not allege Red Rock has made any attempt to debit the remaining payments or otherwise collect the unpaid balance of the loan.

Both the crediting of the loan proceeds and the debiting of the payment were made electronically pursuant to the ACH authorization in the loan agreement. (Compl. ¶¶ 89, 92; Williams Dec. ¶ 37 & Ex. D.)  The ACH system is the mainstream electronic payment system used by banks, employers, government agencies, and other entities for transactions such as direct depositing of paychecks, crediting of tax refunds, and payment of utility bills.  (Compl. ¶¶ 6, 37-39.) Billions of transactions, worth trillions of dollars, flow through the system annually.  (Compl. ¶ 40.)

This massive electronic web provides the only thread linking Plaintiff's loan with defendant Four Oaks, a state-chartered bank based in Four Oaks, North Carolina.  (Compl. ¶¶ 14, 92.)  Four Oaks initiated the ACH debit transaction from Plaintiff's bank account, serving as an intermediary between Red Rock (the lender) and Bank of America (Plaintiff's bank) for the transaction.  (Compl. ¶¶ 6, 92.) Four Oaks is not otherwise alleged to have any connection to the loan.

## Argument

### I.   Because Plaintiff profited on her loan, she has suffered no injury and therefore lacks standing.

As an initial matter, Plaintiff lacks standing to sue Four Oaks because she did not lose any money—in fact she profited at the lender's expense, having borrowed $325 and repaid only $252.49.  (Compl. ¶ 92; Williams Dec. ¶¶ 38-39.) Because Plaintiff has not suffered any injury on the loan, she lacks standing to sue on it, and therefore her claim against Four Oaks is subject to dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction.

Standing is an "irreducible constitutional minimum" that contains three elements: (1) an "injury in fact"; (2) a causal connection between the injury and the alleged conduct that is "fairly . . . trace[able]" to the defendant; and (3) the injury must be "likely" to be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (alterations in original) (citations and internal quotation marks omitted).  "Injury in fact" has two further requirements: It must be "concrete and particularized" and "actual or imminent." *Id.* (citations and internal quotation marks omitted).  The "injury in fact" requirement is "a hard floor of Article III jurisdiction that cannot be removed by statute." *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009).

An "injury" under RICO includes some component of financial loss. A plaintiff cannot maintain a RICO claim where, as here, she has actually *made* money from a transaction that allegedly constitutes a RICO violation. *Commercial Union Assur. Co. v. Milken*, 17 F.3d 608, 610-12 (2d Cir. 1994) (affirming summary judgment for defendant where plaintiffs earned a 10.2% return on their investment that was the subject of the RICO suit). In the absence of an injury, the plaintiff's claim "lacks that most fundamental of legal elements necessary to support a viable cause of action—any demonstrable damages." *Id.* at 612.

A plaintiff likewise cannot bring state law claims in federal court where she lacks any injury in fact. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985); *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2667 (2013). In Georgia, an allegedly usurious loan can nevertheless be recovered by the lender up to the full principal amount. O.C.G.A. § 7-4-10(a) (forfeiting only interest charged); *Cornelius v. Auto Analyst, Inc.*, 222 Ga. App. 759, 760, 476 S.E.2d 9, 10 (1996) ("[T]he penalty for this violation of OCGA § 7-4-2 is not forfeiture of the principal."). Plaintiff has suffered no cognizable injury under Georgia law where, as here, the lender is legally entitled to a greater sum from her than she has paid.

In *Robinson v. Tucker*, No. 12-2200-JTM, 2012 WL 5499439 (D. Kan. Nov. 13, 2012)[3], the court dismissed a similar case in which the plaintiff asserted RICO violations based on an allegedly usurious "payday" loan for lack of standing.  In *Robinson*, the plaintiff alleged he obtained a payday loan of $300 through www.unitedcashloans.com at an annual percentage rate of 608.33%.  *Id*. at *3. The complaint, however, was devoid of any allegation that the plaintiff had actually paid back the loan at the allegedly usurious interest rate, and thus the complaint was dismissed for lack of subject-matter jurisdiction.  *Id*.  Likewise here, while Plaintiff alleges she borrowed money at a high rate of interest, both the allegations of her complaint and the declaration of Mr. Williams show that she in fact has paid a negative rate of interest, having repaid considerably less than she borrowed.  Plaintiff's claims thus should be dismissed for lack of subject-matter jurisdiction.[4]

## II.     The lender is an indispensable party to this action.

Even if Plaintiff had something about which to complain, that complaint should not be directed to Four Oaks, which merely processed her ACH

---

[3] All unpublished opinions are attached collectively hereto as Exhibit B.

[4] Because the absence of injury is apparent from the face of the complaint, Plaintiff's complaint is also subject to dismissal on this basis under Rule 12(b)(6).

transactions, but rather to her lender, Red Rock.  Plaintiff's failure to join Red Rock as a defendant necessitates dismissal under Rules 12(b)(7) and 19.[5]

Red Rock is the counterparty to the loan agreement challenged by Plaintiff. Plaintiff contends that the agreement is governed by Georgia law (rather than the tribal law designated in the agreement), and that under Georgia law the agreement is illegal and thus unenforceable.  When a lawsuit concerns the rights and obligations created by a contract, the parties to that contract are necessary parties. *See, e.g.*, *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150 (9th Cir. 2002) ("[A] party to a contract is necessary, and if not susceptible to joinder, indispensable to litigation seeking to decimate that contract."); *Enter. Mgmt. Consultants, Inc. v. United States ex rel. Hodel*, 883 F.2d 890, 894 (10th Cir. 1989).  This is true regardless of whether the claim sounds in tort or contract.  *See, e.g.*, *Kermanshah v. Kermanshah*, No. 08-CV-409(BSJ)(AJP), 2010 WL 1904135, at *5 (S.D.N.Y. May 11, 2010).  Red Rock is therefore a necessary party to this action.

Red Rock is an arm of the Lac Vieux Desert Band of Lake Superior Chippewa Indians, a federally recognized Indian tribe,[6] created and operated for

---

[5] This issue has been explored at length in the briefs of defendants National Bank of California [Dkt. 12-1] and BMO Harris Bank, N.A. [Dkt. 43-1].  The arguments of those defendants are incorporated herein by reference.

the benefit of the Tribe.  (Williams Dec. ¶¶ 8-12 & Ex. D.)  It is therefore immune from suit under principles of sovereign immunity and cannot be joined.  *Kiowa Tribe of Okla. v. Mfg. Technologies, Inc.*, 523 U.S. 751, 760 (1998); *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991).  Courts routinely dismiss claims that implicate the rights and obligations created by a contract when one or more of the contracting parties cannot be joined due to tribal sovereign immunity.  *E.g.*, *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 552-53 (4th Cir. 2006); *Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1027 (9th Cir. 2002); *Dawavendewa*, 276 F.3d at 1161-63; *United States ex. rel. Hall v. Tribal Dev. Corp.*, 100 F.3d 476, 479-81 (7th Cir. 1996); *Enter. Mgmt. Consultants*, 883 F.2d at 892-94; *Hardy v. IGT, Inc.*, No. 2:10-CV-901-WKW [WO], 2011 WL 3583745, at *5-8 (M.D. Ala. Aug. 15, 2011).  Plaintiff's claims against Four Oaks all depend on the validity and legality of her loan agreement with Red Rock, but tribal sovereign immunity prevents Red Rock from being joined.

Accordingly, Red Rock is an indispensable party, and the case against Four Oaks must be dismissed.  Plaintiff may, however, pursue relief against Red Rock

---

[6] For the Department of the Interior's list of federally recognized tribes, see 78 Fed. Reg. 26384 (May 6, 2013).

pursuant to the dispute resolution procedures set forth in the loan agreement. (Williams Dec. Ex. D.)

## III.    Plaintiff has failed to state a claim for relief under either federal or Georgia law.

In addition to being subject to dismissal under Rule 12(b)(7) for failure to join an indispensable party, Plaintiff's complaint is subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[7]   Neither the federal RICO statute, nor any of the hodgepodge of state law claims asserted in the complaint, gives Plaintiff a cause of action against Four Oaks for an allegedly usurious loan made by a third party.

### A.    Plaintiff has not stated a claim for relief under the federal RICO statute.

"Civil RICO is an unusually potent weapon—the litigation equivalent of a thermonuclear device." *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991).   As such, federal law carefully circumscribes its use.   RICO does not, as Plaintiff would have it, create liability for anyone who is any way connected with an allegedly unlawful debt.   Rather, RICO's application is limited to persons or

---

[7] The insufficiency of the complaint has been examined at length in the briefs of defendants National Bank of California [Dkt. 12-1] and BMO Harris Bank, N.A. [Dkt. 43-1].   Again, the arguments of those defendants are incorporated herein by reference.

entities who conduct an "enterprise" for the purpose of collecting unlawful debts. *See* 18 U.S.C. § 1962(c). Four Oaks is not such an entity.

### 1. Four Oaks is not part of a RICO enterprise.

RICO applies only to allegedly unlawful acts conducted as part of an "enterprise." *See* 18 U.S.C. § 1962(c). For an informal association of entities to constitute an enterprise, they must function as a continuing unit and be working together toward a common purpose. *See Boyle v. United States*, 556 U.S. 938, 945-46 (2009); *United States v. Turkette*, 452 U.S. 576, 583 (1981).

The purported enterprise in this case is the "ACH Network," which by Plaintiff's definition includes every individual who uses direct deposit or pays bills electronically, along with utility companies, employers, banks, government agencies, and any other person or entity that has any connection to the national electronic payment system. (Compl. ¶¶ 37-40, 241.) This network is far too vast—and its members far too independent—to function as a single interconnected unit. *See, e.g.*, *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 374-75 (3d Cir. 2010).

Furthermore, the network's participants are far too diverse to have the necessary common purpose. For example, an employee who gets her paycheck electronically deposited to her account is part of the alleged "ACH Enterprise"

(Compl. ¶ 150d) but does not share the common purpose of "facilitating large volume batch processing of electronic payments (credit and debit transactions) for and between participating depository financial institutions" (Compl. ¶ 151a); she simply wants to get paid.  Utility companies that bill via electronic payment are also part of the alleged "ACH Enterprise" (Compl. ¶ 150a) but likewise do not have any purpose of "facilitating large volume batch processing" of payments.  In short, the entire United States electronic financial system cannot be considered a unitary "enterprise" for purposes of RICO liability.

### 2. Four Oaks did not conduct the affairs of a RICO enterprise.

For purposes of RICO liability, it is insufficient to allege that a defendant is merely connected in some way to an enterprise; the plaintiff must show that the defendant has some part in directing the affairs of the enterprise.  *See Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993).  Four Oaks, however, is accused of nothing more than processing electronic payment transactions in the ordinary course of its business, which is a far cry from directing the affairs of the entire nationwide electronic payment system.

### 3. Four Oaks did not "collect" an unlawful debt.

RICO prohibits conducting the affairs of an enterprise through "collection of unlawful debt."  18 U.S.C. § 1962(c).  Four Oaks, however, is not alleged to be the

lender, a debt collection agency, or any similar entity, but merely a transaction processor.  In this role, Four Oaks is not "collecting" a debt any more than the U.S. Postal Service is collecting a debt when it handles delivery of a physical check. *See United States v. Pepe*, 747 F.2d 632, 674 (11th Cir. 1984) (holding that to be "collecting" a debt, the defendant must be inducing repayment).

> **4.   Four Oaks had no knowledge of any purportedly unlawful debt.**

RICO is not a strict liability statute; a defendant is liable only if it "assisted an enterprise with knowledge of its illegal activities."  *Marshall v. City of Atlanta*, 195 B.R. 156, 169 (N.D. Ga. 1996).  Plaintiff does not allege that Four Oaks, at the time it debited Plaintiff's account, had knowledge regarding the specific loan in this case that would cause Four Oaks to know the loan was unlawful.  Furthermore, even if Four Oaks had carefully examined the loan agreement in this case prior to debiting Plaintiff's account, the loan agreement designates tribal law as the governing law, and Plaintiff does not contend that the loan violates tribal law. (Williams Dec. Ex. D.)  Absent any actual knowledge of illegality, Plaintiff's RICO claim must fail.

> **5.   In the absence of a plausible RICO claim, Plaintiff cannot maintain conspiracy claims.**

In addition to alleging a substantive violation of RICO, Plaintiff alleges a conspiracy to violate RICO. (Compl. ¶¶ 160-64.) A RICO conspiracy claim must be dismissed where the plaintiff's substantive RICO claim is deficient and the conspiracy allegations add no additional substance to the complaint. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1296 n.6 (11th Cir. 2010). Plaintiff's substantive RICO claim fails for multiple reasons as discussed above and her conspiracy claim contains no additional substance; thus, the conspiracy claim must also be dismissed.

**B.    Plaintiff has not stated a claim for relief under Georgia law.**

Plaintiff has also asserted multiple state law claims, none of which are sufficient to survive a motion to dismiss:

Georgia Payday Lending Act.  Four Oaks, as a bank chartered under the laws of another state (North Carolina) and insured by the FDIC, is exempt from the Georgia Payday Lending Act, and thus cannot be directly or indirectly liable under the Act.  *See* O.C.G.A. § 16-17-2(a)(3); Compl. ¶ 14.

Georgia RICO.  The predicate act alleged by Plaintiff for her Georgia RICO claim is a violation of the Georgia Payday Lending Act, to which Four Oaks is not subject for the reasons just discussed. (Compl. ¶ 250.) Plaintiff's Georgia RICO claim also fails for the same reasons as her federal RICO claim. *See Williams Gen.*

*Corp. v. Stone*, 614 S.E.2d 758, 760 (Ga. 2005) (federal authority persuasive in interpreting Georgia RICO statute, which is based on federal RICO).

Criminal usury. There is no private right of action under Georgia's criminal usury statute. *See* O.C.G.A. § 7-4-18. And even if there were, Plaintiff's allegations would not satisfy the *mens rea* element because, as discussed previously, Plaintiff has not alleged actual knowledge of collection of an unlawful debt.

Money had and received/unjust enrichment. These claims fail because Plaintiff's loan was governed by an express contract. *See Tidikis v. Network for Med. Commc'ns & Research LLC*, 619 S.E.2d 481, 485 (Ga. Ct. App. 2005); *see also Nat'l City Bank of Rome v. Busbin*, 332 S.E.2d 678, 683 (Ga. Ct. App. 1985) ("An action for money had and received is merely one form of action to recover damages based on unjust enrichment.").

## Conclusion

Plaintiff's challenge to her loan agreement is properly directed to her lender, not to defendant Four Oaks Bank & Trust. Plaintiff's claims against Four Oaks should therefore be dismissed.

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), counsel for defendant Four Oaks Bank & Trust Co. certifies that the foregoing brief was prepared in a font and point size that complies with Local Rule 5.1(C).

Respectfully submitted, this the 23rd day of December, 2013.

CARLOCK, COPELAND & STAIR, LLP

By:  /s/ William P. Jones
      WILLIAM P. JONES
      Georgia Bar No. 398228
      191 Peachtree Street, NE, Suite 3600
      Atlanta, GA 30303-1740
      Ph:  (404)522-8220
      Fx:  (404) 222-9482
      wjones@carlockcopeland.com

SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, LLP

Carl Patterson, Jr. (application for *pro hac vice* filed simultaneously)
N.C. Bar No. 7260
Clifton L. Brinson (application for *pro hac vice* filed simultaneously)
NC Bar No. 34331
150 Fayetteville Street, Suite 2300
Raleigh, NC  27601
Ph.: (919) 821-1220
Fax: (919) 821-6688
cbrinson@smithlaw.com
*Attorneys for Defendant Four Oaks Bank & Trust Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2013, I electronically filed the foregoing Defendant Four Oaks Bank & Trust Co.'s Memorandum of Law in Support of its Motion to Dismiss with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered counsel of record.

Carlock, Copeland & Stair, LLP
191 Peachtree Street, Suite 3600          By:  */s/ WILLIAM P. JONES*
Atlanta, Georgia  30303                            WILLIAM P. JONES
404-522-8220                                              State Bar No. 398228
        ….......                                          *Attorneys for Defendant Four Oaks*
P.O. Box 56887                                      *Bank and Trust Co.*
Atlanta, GA  30303