# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JESSICA PARM and LISA FLAGG, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BMO HARRIS BANK, N.A., FOUR OAKS BANK & TRUST CO., a North Carolina Chartered Bank, NATIONAL BANK OF CALIFORNIA, NORTH AMERICAN BANKING CO., a Minnesota Chartered Bank, and FIRST PREMIER BANK, a South Dakota Chartered Bank,<br><br>Defendants. | Civil Action No. 1:13-cv-03326-JEC |

## Preliminary Report and Discovery Plan

1.      **Description of Case:**

   **(a) Describe briefly the nature of this action.**

   The Complaint, filed on October 4, 2013, alleges violations of 18 U.S.C. §§

1962(c) and 1962(d) (Claims for Relief ##1 through 10), O.C.G.A. §16-14-4(a) and (b)

(Claims for Relief ##11, 13, 15, 17, 19), and the Georgia Payday Lending Act (Claim for

Relief #21) against Defendants BMO Harris Bank, N.A. ("BMO"), Four Oaks Bank & Trust Co. ("Four Oaks"), National Bank of California ("NBCal") and North American Banking Co. ("NABC"), as well as claims of conspiracy to commit violations of O.C.G.A. §16-14-4(c) (Claims for Relief ##12, 14, 16, 18, 20), of aiding and abetting violations of the Georgia Payday Lending Act (Claim for Relief #22), of aiding and abetting violations of the Georgia Criminal Usury Statute (Claim for Relief #23), for permanent injunctive relief (Claim for Relief #24), for money had and received (Claim for Relief #25), and for unjust enrichment (Cause of Action #26).  Claims for Relief ##1-10 are brought by Plaintiffs Jessica Parm and Lisa Flagg on behalf of themselves and a Class and Sub-Class defined as follows:

   i.   All natural persons within the states of Arizona, Arkansas, Connecticut, Georgia, Maryland, Massachusetts, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Vermont, West Virginia and the District of Columbia whose accounts were debited via an ACH entry originated by either BMO Harris Bank, N.A., Four Oaks Bank & Trust Co., National Bank of California, North American Banking Co., or First Premier Bank as an [Originating Depository Financial Institution ("ODFI")] on behalf of an Out-Of-State Payday Lender in repayment of a loan which was illegal under the law of their respective state at the time of the debit (the "Class").

   ii.  All natural persons within the state of Georgia whose accounts were debited via an ACH entry originated by either BMO Harris Bank, N.A., Four Oaks Bank & Trust Co., National Bank of California, North American Banking Co., or First Premier Bank as an ODFI on behalf of an Out-

> Of-State Payday Lender in repayment of a loan which was
> illegal under Georgia law (the "Sub-Class").

Claims for relief #11-26 are brought on behalf of the Sub-Class only.

Defendants have all moved (or will move) to dismiss and/or to compel arbitration. Defendants participate in this report without waiving, and while specifically preserving, their motions to compel arbitration.  In addition, Defendant BMO Harris Bank, N.A. ("BMO Harris") has moved to sever claims against it (Dkt. No. 40) and moved to transfer the claims against it to the Eastern District of New York, where a previously-filed  case is pending (Dkt. Nos. 41, 71).  All defendants deny Plaintiffs' claims and deny that any putative class should be certified.

**(b)      Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiffs are citizens of the state of Georgia.  Plaintiffs allege that payday loans are illegal in Georgia, 12 other states, and the District of Columbia.  Plaintiffs allege that Defendants knowingly "originate" debits on the Automated Clearing House network ("ACH Network") for payday loans that are illegal in these states.  According to Plaintiffs, certain payday lenders make use of the Internet to circumvent state prohibitions and offer payday loans to consumers residing in these states (the "Out-Of-State Payday Lenders").  Plaintiffs allege that the Out-Of-State Payday Lenders' ability to defy state law rests on the cooperation of hidden financial institutions like Defendants

that knowingly "originate" illicit payday loan debits and credits on the ACH Network. According to Plaintiffs, these banks, known as Originating Depository Financial Institutions ("ODFIs"), act as middlemen between illicit Out-Of-State Payday Lenders and the mainstream electronic payments system.  Plaintiffs allege that Defendants knowingly provide ACH Network access to illegal payday lenders, in violation of ACH Network rules and state law duties, and in disregard of the warnings and guidance issued by the Office of the Comptroller of the Currency and the Federal Deposit Insurance Corporation.  Plaintiffs allege that without the assistance of financial institutions like Defendants, Out-Of-State Payday Lenders could not debit loan payments from customers' bank accounts in states where the loans are illegal.

Defendants deny these allegations and have filed motions to dismiss, explaining, inter alia, that they do not "originate" loans.  *See* Dkt. Nos. 12, 43, 50, 60, 61. Defendants also explain in their motions that plaintiffs' allegations, even if true, would not establish "knowledge" of illegal activities on the part of the banks because an ACH transaction merely records the movement of money from one account to another; it neither discloses the terms of any agreement giving rise to the transaction nor identifies where the parties to the transaction reside.  Moreover, returns happen for many reasons (e.g., where an owner claims that a debit was not authorized), that are difficult to discern from the records.

(c)     **The legal issues to be tried are as follows:**

(1)     Whether Plaintiffs' claims must be arbitrated;

(2)     Whether Plaintiffs have failed to join indispensable parties;

(3)     Whether Plaintiffs have alleged a cognizable Racketeer Influenced and Corrupt Organizations Act ("RICO") enterprise under § 1962(c);

(4)     Whether defendants knowingly assisted illegal conduct;

(5)     Whether Defendants conducted or participated in the conduct of the alleged enterprise's affairs through the collection of unlawful debt;

(6)     Whether there is a RICO conspiracy;

(7)     Whether Plaintiffs' claims are preempted;

(8)     Whether Plaintiffs have stated proper claims for money had and received, unjust enrichment, violation of Georgia RICO, violation of the Georgia Payday Lending Act, or aiding and abetting usury;

(9)     Whether Plaintiffs or the putative class members sustained damages as a result of any improper conduct on the part of Defendants, or any one of them, and, if so, the proper measure of such damages; and

(10) Whether Defendants, or any one of them, are primarily liable for any such damages.

**(d)    The cases listed below (include both style and action number) are:**

**(1)    Pending Related Cases:**

The following cases have been filed in other district courts alleging similar allegations against one or more of the defendants here but may include different class definitions.

(a)    *Dillon v. BMO Harris Bank, N.A.*, No. 1:13-CV-897-TDS-LPA (M.D.N.C.)

(b)    *Moss v. BMO Harris Bank, N.A.*, No. 2:13-cv-05438-JFB-GRB (E.D.N.Y.)

(c)    *Graham v. BMO Harris Bank, N.A.*, No. 3:13-CV-01460-WWE (D. Conn.)

(d)    *Elder v. BMO Harris Bank, N.A.*, 8:13-cv-03043-JFM (D. Md.)

(e)    *Booth v. BMO Harris Bank, N.A.*, 2:13-cv-05968-RBS (E.D. Pa.)

(f)    *Labajo v. First Int'l Bank & Trust*, No. EDCV 13-01861 VAP (DTBx) (C.D. Cal.)

(g)    *Gunson v. BMO Harris Bank, N.A.*, No. 0:13-cv-62321 (S.D. Fla.)

(h)    *Achey v. BMO Harris Bank, N.A.*, No. 1:13-cv-07675 (N.D. Ill.)

(i)    *Riley v. BMO Harris Bank, N.A.*, No. 1:13-cv-01677 (D.D.C.)

(j)    *Gordon v. U.S. Bancorp*, No. 13-cv-03005-PJS-JJG (D. Minn.)

**(2)    Previously Adjudicated Related Cases:**

*N/A*

**2.    This case is complex because it possesses one (1) or more of the features listed below (please check):**

__ X __ (1) Unusually large number of parties
__ X __ (2) Unusually large number of claims or defenses
_____ (3) Factual issues are exceptionally complex

6

\_\_\_\_\_ (4) Greater than normal volume of evidence
\_\_X\_\_ (5) Extended discovery period is needed
\_\_\_\_ (6) Problems locating or preserving evidence
\_\_X\_\_(7) Pending parallel investigations or action by government *(possibly)*
\_\_X\_\_ (8) Multiple use of experts *(possibly)*
\_\_X\_\_ (9) Need for discovery outside United States boundaries

*(Plaintiffs do not agree that 2(9) applies because all parties are U.S. entities, and no part of the challenged transactions took place outside of the U.S.  Defendants, on the other hand, have indicated that they anticipate discovery of sovereign entities.)*

\_\_\_\_\_ (10) Existence of highly technical issues and proof

**3.     Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Counsel for Plaintiffs:**

Darren T. Kaplan
CHITWOOD HARLEY HARNES LLP
1350 Broadway, Suite 908
New York, NY 10018
Tel: (917) 595-3600
Fax: (404) 876-4476
dkaplan@chitwoodlaw.com

Krissi T. Gore
Meryl W. Roper
Ze'eva Kushner Banks
CHITWOOD HARLEY HARNES LLP
1230 Peachtree Street NE, Suite 2300
Atlanta, GA 30309
Tel: (404) 873-3900
Fax: (404) 876-4476
kgore@chitwoodlaw.com
mroper@chitwoodlaw.com

zbanks@chitwoodlaw.com

Norman E. Siegel
Steve Six
J. Austin Moore
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
Fax: (816) 714-7101
siegel@stuevesiegel.com
six@stuevesiegel.com
moore@stuevesiegel.com

Jeffrey M. Ostrow
Jason H. Alperstein
KOPELOWITZ OSTROW P.A.
200 S.W. 1st Avenue, 12th Floor
Fort Lauderdale, Florida 33301
Tel: (954) 525-4100
Fax: (954) 525-4300
ostrow@KOlawyers.com
alperstein@KOlawyers.com

Hassan A. Zavareei
Jeffrey D. Kaliel
Anna C. Haac
TYCKO & ZAVAREEI LLP
2000 L Street, NW, Suite 808
Washington, D.C. 20036
Tel: (202) 973-0900
Fax: (202) 973-0950
hzavareei@tzlegal.com
jkaliel@tzlegal.com
ahaac@tzlegal.com

**Counsel for Defendant BMO Harris Bank, N.A.:**

Nathan L. Garroway
Robert M. Martin
McKENNA LONG & ALDRIDGE, LLP
303 Peachtree Street, NE
SunTrust Plaza, Suite 5300
Atlanta, Georgia 30308
Tel: (404) 527-4000
Fax: (404) 527-3655
ngarroway@mckennalong.com
rmmartin@mckennalong.com

Debra Bogo-Ernst
Lucia Nale
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, Illinois  60606
Tel: (312) 782-0600
Fax: (312) 701-7711
dernst@mayerbrown.com
lnale@mayerbrown.com

**Counsel for Defendant National Bank of California:**

John P. MacNaughton
Ross A. Albert
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326
Tel: (404) 233-7000
Fax: (404) 365-9532
jpm@mmmlaw.com
raa@mmmlaw.com

Anand S. Raman
John H. Beisner

Jessica D. Miller
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
Tel: (202) 371-7000
Fax: (202) 393-5760
Anand.Raman@skadden.com
John.Beisner@skadden.com
Jessica.Miller@skadden.com

John F. Friedemann
Kyle M. Fisher
FRIEDEMANN GOLDBERG, LLP
420 Aviation Boulevard
Santa Rosa, CA 95403
Tel: (707) 543-4900
Fax: (707) 707-543-4910
jfriedemann@frigolaw.com
kfisher@frigolaw.com

**Counsel for Defendant Four Oaks Bank & Trust Co.:**

William P. Jones
CARLOCK, COPELAND & STAIR, LLP
191 Peachtree Street, NE, Suite 3600
Atlanta, GA 30303-1740
Tel: (404)522-8220
Fax: (404) 222-9482
wjones@carlockcopeland.com

Carl N. Patterson, Jr.
Clifton L. Brinson
SMITH, ANDERSON, BLOUNT,
DORSETT, MITCHELL & JERNIGAN, LLP
150 Fayetteville Street, Suite 2300
Raleigh, NC 27601
Tel: (919) 821-1220
Fax: (919) 821-6688

cpatterson@smithlaw.com
cbrinson@smithlaw.com

**Counsel for Defendant North American Banking Co.:**

Christopher A. Riley
Jonathan D. Parente
ALSTON & BIRD, LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777
chris.riley@alston.com
jonathan.parente@alston.com

Todd A. Noteboom
Peter Joseph Schwingler
LEONARD STREET & DEINARD, P.A.
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Tel: (612) 335-1500
Fax: (612) 335-1657
todd.noteboom@leonard.com
peter.schwingler@leonard.com

**Counsel for Defendant First Premier Bank:**

Scott E. Zweigel
William J. Holley, II
PARKER, HUDSON, RAINER & DOBBS, LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, NE
Atlanta, GA 30303
Tel: (404) 420-4338
Fax: (404) 522-8409
szweigel@phrd.com
wholley@phrd.com

James P. McCarthy
John C. Ekman
Bryan R. Freeman
LINDQUIST & VENNUM, LLP
4200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel:  (612) 371-3211
Fax:  (612) 371-3207
jmccarthy@lindquist.com
jekman@lindquist.com
bfreeman@lindquist.com

**4.     Jurisdiction:**

**Is there any question regarding this court's jurisdiction?**

 __X__ Yes* ____No

　　　*Plaintiffs contend there is no question regarding the Court's jurisdiction.

Defendants disagree.


**5.     Parties to This Action:**

**(a)     The following persons are necessary parties who have not been joined:**

Some Defendants have asserted in their motions to dismiss that the Out-Of-State

Payday Lenders (as defined by Plaintiffs) are indispensable parties under Fed. R. Civ. P.

19.  Plaintiffs disagree.

**(b)     The following persons are improperly joined as parties:**

　　　None.

      **(c)**    **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**
None.

      **(d)**    **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.**    **Amendments to the Pleadings:**

      **Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in L.R. 15.**

      **(a)**    **List separately any amendments to the pleadings which the parties anticipate will be necessary:**

On December 31, 2013, counsel for Plaintiffs and counsel for NABC and NBCal

submitted a Stipulation and Order to Amend Complaint by Interlineation, attaching the

proposed amendments. [Dkt. No. 73.]  Defendants reserve the right to contest any such

amendments.

      **(b)**    **Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.**    **Filing Times For Motions:**

      **All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

All other motions must be filed **WITHIN THIRTY (30) DAYS** after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

    (a)    *Motions to Compel:* **Before the close of Fact Discovery or within the extension period allowed in some instances. Local Rule 37.1.**

    (b)    *Summary Judgment Motions:* **Local Rule 56.1 provides that Summary Judgment Motions shall be filed within twenty (20) days after the close of Discovery, unless otherwise permitted by court order.**

    (c)    *Other Limited Motions:* **Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

    (d)    *Motions Objecting to Expert Testimony:* **Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

Plaintiffs will also be filing a Motion for Class Certification and propose extending the time for filing under LR 23.1 to no later than 120 days after all Defendants have filed an answer to the Complaint. Defendants believe that any further motion practice should be held in abeyance pending rulings on their dispositive motions. Defendants have moved for a stay of this action pending resolution of those motions. Dkt Nos. 42, 50, 52, 57, 58, 59, 62.

**8.    Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).**

Pursuant to the parties' Consent Motion to Extend Time for Filing Initial
Disclosures and Joint Preliminary Report and Discovery Plan [Dkt. No. 32], which was
entered by the Court by Minute Order on November 25, 2013, the deadline for the parties
to serve their initial disclosures is January 2, 2014.  Defendants believe that initial
disclosures would be premature at this point in light of their pending dispositive motions
and motions for stay.  Dkt Nos. 12, 42, 43, 50, 52, 57, 58, 59, 60, 61, 62.  *See Matthews
v. Watts*, No. 2:11-cv-549-FtM-29SPC, 2012 U.S. Dist. LEXIS 48245, at *1-2 (M.D. Fla.
Apr. 5, 2012) (staying Rule 26 disclosures until motion to dismiss is decided); *Habib v.
Bank of Am. Corp.*, No. 1:10-cv-04079-SCJ-RGV, 2011 U.S. Dist. LEXIS 69858, at *19
(N.D. Ga. Mar. 15, 2011) (staying "parties' obligations to comply with the deadlines for
conducting a Rule 26(f) conference, serving initial disclosures, and filing a joint
preliminary report and discovery plan until the District Judge" rules on the motion to
dismiss), *report and recommendations adopted by* 2011 U.S. Dist. LEXIS 69805 (N.D.
Ga. June 29, 2011).

**9.   Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please
state the issues which could be addressed and the position of each party.**

Counsel for Plaintiffs request a scheduling conference with the Court to address,
*inter alia*, the parties' varying positions regarding the time table for discovery under the
Federal Rules of Civil Procedure.  Defendants believe that a scheduling conference

would be premature pending the outcome of their motions to dismiss and/or compel

arbitration and have sought a stay of this matter pending resolution of those motions.  Dkt

Nos. 42, 50, 52, 57, 58, 59, 62.

**10.    Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-month discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

Plaintiffs state that under the local rules, discovery should have commenced on

November 30, 2013, which is thirty (30) days after the appearance of the first defendant

by answer to the complaint.  (A Motion to Dismiss was filed by NBCal on October 31,

2013.)   Defendants believe that discovery should not commence and any discovery

would be premature pending resolution of their dispositive motions, as set forth in their

motions for stay.  Dkt Nos. 42, 50, 52, 57, 58, 59, 62.

**Please state below the subjects on which discovery may be needed:**

Consistent with Rule 26, Plaintiffs will endeavor to seek discovery only as to any

nonprivileged matter that is relevant to, or reasonably calculated to lead to admissible

evidence as to, any party's claim or defense. Without conceding that the following fall

within the proper scope of Rule 26 and without prejudice to any position a party may take during discovery, the matters on which Plaintiffs currently anticipate seeking discovery include:

(a)     Representative Plaintiffs' Payday Loan(s);

(b)     Defendants' contracts with payday lenders and/or their Third Party Senders;

(c)     Defendants' origination of credits and debits on the ACH Network on behalf of payday lenders;

(d)     Defendants' policies and procedures with respect to their origination of credits and debits on behalf of payday lenders;

(e)     Defendants' records and data of their origination of credits and debits on behalf of payday lenders during the applicable limitations period.

Other issues may arise as discovery proceeds. Thus, these categories should not be considered to be exhaustive, and Plaintiffs are free to seek any discovery that is proper under the Federal Rules of Civil Procedure.  Defendants believe that any discussion of discovery is premature at this point given their pending motions and requests to stay discovery.  Dkt Nos. 12, 42, 43, 50, 52, 57, 58, 59, 60, 61, 62.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Although cases in the Racketeer Influenced and Corrupt Organizations category are assigned a 4-month discovery track, Plaintiffs seek to extend that track in light of the substantial amount of document and deposition discovery that will need to take place on both the merits and expert issues.  Plaintiffs' position is that had discovery initiated on November 30, 2013 as contemplated by the Rules, all discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), would be completed (not propounded) by December 31, 2014.  Defendants' position is that discovery should be stayed and that it is premature to assign a discovery track.

**11.    Discovery Limitation and Discovery or Electronically Stored Information:**

**(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

*Depositions*

Plaintiffs anticipate they will require a total of 3 depositions per Defendant of fact witnesses, as well as ten depositions of non-parties. Assuming discovery is not stayed, Plaintiffs' position is that the depositions will commence by May 31, 2014, and be completed by September 15, 2014.  Defendants believe that it is premature to determine how many depositions they would require until the Court rules on pending dispositive motions, which may avoid the need for discovery altogether or narrow the case

substantially and, accordingly, have filed motions to stay discovery.  Dkt Nos. 42, 50, 52, 57, 58, 59, 62.

### *Interrogatories*

Plaintiffs will not request permission to serve more than 25 interrogatories per Defendant. Plaintiffs propose that Defendants serve a single set of 30 interrogatories on Plaintiffs.  Defendants seek to defer discussion of these matters until the Court rules on pending dispositive motions, which may avoid the need for discovery altogether or narrow the case substantially.

### *Experts*

Plaintiffs currently intend to call expert witnesses at trial. Assuming discovery is initiated pursuant to the Rules, Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 30, 2014. Depositions of any such experts will be completed by October 31, 2014.

Defendants believe that any discussion regarding expert discovery should be held in abeyance until the Court rules on pending dispositive motions, which may avoid the need for discovery altogether or narrow the case substantially.

**(b)      Is any party seeking discovery of electronically store information?**

 X  Yes                            ____ No

**If "yes,"**

**(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

Plaintiffs agree to work in good faith to agree on limitations to the scope of

production.  In the event that the parties cannot reach agreement, they will request a

conference with the Court, consistent with Paragraph 9 herein.  Defendants believe that

any discussion regarding electronic discovery should be held in abeyance until the Court

rules on pending dispositive motions, which may avoid the need for discovery altogether

or narrow the case substantially.

**(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

Plaintiffs agree to work in good faith to develop a protocol for the disclosure and

preservation of electronically stored information, including, but not limited to, the form

in which such data shall be produced, the location and format of electronically stored

information, appropriate steps to preserve electronically stored information, and the

allocation of costs of assembling and producing such information.  In the event that the

parties cannot reach agreement, they will request a conference with the Court, consistent

with Paragraph 9 herein.  Defendants believe that any discussion regarding electronic

discovery should be held in abeyance until the Court rules on pending dispositive motions, which may avoid the need for discovery altogether or narrow the case substantially.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

Plaintiffs agree that the Court should enter an order governing the use of confidential information and will submit a proposed order for the Court's consideration. Defendants believe that any discussion regarding protective orders should be held in abeyance until the Court rules on pending dispositive motions, which may avoid the need for discovery altogether or narrow the case substantially.

**13.    Settlement Potential:**

**(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on December 20, 2013, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For Plaintiffs:     /s/ Hassan A. Zavareei
                    /s/ Jeff M. Ostrow
                    /s/ Krissi T. Gore

For Defendants:    /s/  Debra Bogo-Ernst, on behalf of  BMO Harris
                   /s/ Laura Hammargren, on behalf of BMO Harris

/s/ Todd Noteboom, on behalf of NABC
/s/ James P. McCarthy, on behalf of First Premier
/s/ Jessica Miller, on behalf of NBCal

**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(_) A possibility of settlement before discovery.
(_) A possibility of settlement after discovery.
(_) A possibility of settlement, but a conference with the judge is needed.
(X̲) No possibility of settlement.

**(c)    Counsel (__) do or (X) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20__.**

The next settlement conference has not been scheduled.

**(d)    The following specific problems have created a hindrance to settlement of this case.**

The parties have differing views concerning the strength of their respective

positions.

**14.    Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a)    The parties (___) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.**

    **(b)**    **The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.**

Dated:  January 2, 2014.

                    Submitted by:

                    */s/ Krissi T. Gore*

                    Krissi T. Gore
                    Georgia Bar No. 687020
                    Meryl W. Roper
                    Ze'eva Kushner Banks
                    CHITWOOD HARLEY HARNES LLP
                    1230 Peachtree Street NE, Suite 2300
                    Atlanta, GA 30309
                    Tel: (404) 873-3900
                    Fax: (404) 876-4476
                    kgore@chitwoodlaw.com
                    mroper@chitwoodlaw.com
                    zbanks@chitwoodlaw.com

                    Darren T. Kaplan
                    Georgia Bar No. 172670
                    CHITWOOD HARLEY HARNES LLP
                    1350 Broadway, Suite 908
                    New York, NY 10018
                    Tel: (917) 595-3600
                    Fax: (404) 876-4476
                    dkaplan@chitwoodlaw.com

                    Norman E. Siegel
                    Steve Six
                    J. Austin Moore
                    STUEVE SIEGEL HANSON LLP
                    460 Nichols Road, Suite 200
                    Kansas City, MO 64112

Tel: (816) 714-7100
Fax: (816) 714-7101
siegel@stuevesiegel.com
six@stuevesiegel.com
moore@stuevesiegel.com

Jeffrey M. Ostrow
Jason H. Alperstein
KOPELOWITZ OSTROW P.A.
200 S.W. 1st Avenue, 12th Floor
Fort Lauderdale, Florida 33301
Tel: (954) 525-4100
Fax: (954) 525-4300
ostrow@KOlawyers.com
alperstein@KOlawyers.com

Hassan A. Zavareei
Jeffrey D. Kaliel
Anna C. Haac
TYCKO & ZAVAREEI LLP
2000 L Street, NW, Suite 808
Washington, D.C. 20036
Tel: (202) 973-0900
Fax: (202) 973-0950
hzavareei@tzlegal.com
jkaliel@tzlegal.com
ahaac@tzlegal.com

**Counsel for Plaintiffs**


 _/s/ Nathan L. Garroway_
Nathan L. Garroway
Robert M. Martin
McKENNA LONG & ALDRIDGE, LLP
303 Peachtree Street, NE
SunTrust Plaza, Suite 5300

Atlanta, Georgia 30308
Tel: (404) 527-4000
Fax: (404) 527-3655
ngarroway@mckennalong.com
rmmartin@mckennalong.com

Debra Bogo-Ernst
Lucia Nale
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, Illinois  60606
Tel: (312) 782-0600
Fax: (312) 701-7711
dernst@mayerbrown.com
lnale@mayerbrown.com

**Counsel for Defendant BMO Harris
Bank, N.A.**


 */s/ John P. MacNaughton*
John P. MacNaughton
Ross A. Albert
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326
Tel: (404) 233-7000
Fax: (404) 365-9532
jpm@mmmlaw.com
raa@mmmlaw.com

Anand S. Raman
John H. Beisner
Jessica D. Miller
SKADDEN ARPS SLATE MEAGHER

& FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Tel: (202) 371-7000
Fax: (202) 393-5760
Anand.Raman@skadden.com
John.Beisner@skadden.com
Jessica.Miller@skadden.com

John F. Friedemann
Kyle M. Fisher
FRIEDEMANN GOLDBERG, LLP
420 Aviation Boulevard
Santa Rosa, CA 95403
Tel: (707) 543-4900
Fax: (707) 707-543-4910
jfriedemann@frigolaw.com
kfisher@frigolaw.com

**Counsel for Defendant National Bank of
California**

 */s/ Christopher A. Riley*
Christopher A. Riley
Jonathan D. Parente
ALSTON & BIRD, LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777
chris.riley@alston.com
jonathan.parente@alston.com

Todd A. Noteboom
Peter Joseph Schwingler
LEONARD STREET & DEINARD, P.A.
150 South Fifth Street, Suite 2300

Minneapolis, MN 55402
Tel: (612) 335-1500
Fax: (612) 335-1657
todd.noteboom@leonard.com
peter.schwingler@leonard.com

**Counsel for Defendant North American Banking Co.**


  */s/ William P. Jones*
William P. Jones
CARLOCK, COPELAND & STAIR, LLP
191 Peachtree Street, NE, Suite 3600
Atlanta, GA 30303-1740
Tel: (404)522-8220
Fax: (404) 222-9482
wjones@carlockcopeland.com

Carl N. Patterson, Jr.
Clifton L. Brinson
SMITH, ANDERSON, BLOUNT,
DORSETT, MITCHELL & JERNIGAN,
LLP
150 Fayetteville Street, Suite 2300
Raleigh, NC 27601
Tel: (919) 821-1220
Fax: (919) 821-6688
cpatterson@smithlaw.com
cbrinson@smithlaw.com

**Counsel for Defendant Four Oaks Bank & Trust Co.**


  */s/ Scott E. Zweigel*
Scott E. Zweigel

William J. Holley, II
PARKER, HUDSON, RAINER & DOBBS, LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, NE
Atlanta, GA 30303
Tel: (404) 420-4338
Fax: (404) 522-8409
szweigel@phrd.com
wholley@phrd.com

James P. McCarthy
John C. Ekman
Bryan R. Freeman
LINDQUIST & VENNUM, LLP
4200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel:  (612) 371-3211
Fax:  (612) 371-3207
jmccarthy@lindquist.com
jekman@lindquist.com
bfreeman@lindquist.com

**Counsel for Defendant First Premier Bank**